FILED
Apr 1, 2021
Disciplinary Board

Docket # 019

# DISCIPLINARY BOARD
# WASHINGTON STATE BAR ASSOCIATION

In re

GREGORY SCOTT HOOVER,

Lawyer

WSBA No. 28049

Proceeding No. 20#00051

NOTICE OF SUSPENSION

PLEASE TAKE NOTICE that by decision of the Washington Supreme Court entered the 19th day of March, 2021, lawyer Gregory Scott Hoover, who practices in the City of Bellevue, WA, was suspended from the practice of law in the State of Washington for a period of thirty (30) days, effective March 26, 2021. For more information, you may access the WSBA website, www.wsba.org or contact Jennifer Olegario, Communications Manager, at jennifero@wsba.org or (206) 727-8212.

DATED this __1__ day of April, 2021.

WASHINGTON STATE BAR ASSOCIATION

_____
Terra Nevitt
Executive Director

Notice of Suspension
Page 1 of 1

WASHINGTON STATE BAR ASSOCIATION
1325 Fourth Avenue – Suite 600
Seattle, WA 98101-2539
(206) 727-8207

## CERTIFICATE OF SERVICE

By order of Washington Supreme Court Order No. 25700-B-609, I certify that I caused a copy of the Notice of Suspension to be emailed to the Office of Disciplinary Counsel and to Respondent's Counsel Ralph E. Cromwell, at rcromwell@byrneskeller.com, on the 1st day of April, 2021.

_____
Clerk to the Disciplinary Board



FILED
Mar 19, 2021
Disciplinary Board
Docket # 018

FILED
SUPREME COURT
STATE OF WASHINGTON
MARCH 19, 2021
BY SUSAN L. CARLSON
CLERK

# THE SUPREME COURT OF WASHINGTON

| | |
|---|---|
| IN RE:<br><br>GREGORY SCOTT HOOVER,<br><br>WSBA No. 28049 | Supreme Court No.<br>201,995-1<br><br>ORDER IMPOSING<br>30-DAY SUSPENSION |

This matter came before the Court to consider the Washington State Bar Association Disciplinary Board's Order Approving Stipulation to 30 Day Suspension. The Court reviewed the order and the stipulation, and determined unanimously that an order imposing a 30-day suspension should be entered.

IT IS ORDERED:

Gregory Scott Hoover is suspended from the practice of law for 30 days. Pursuant to ELC 13.2, the effective date of suspension is seven days from the date of this order. Reinstatement to the practice of law is subject to the conditions specified in the stipulation.

DATED at Olympia, Washington this 19th day of March, 2021.

For the Court

*González C.J.*
CHIEF JUSTICE

FILED
Feb 12, 2021
Disciplinary Board
Docket #  014

DISCIPLINARY BOARD
WASHINGTON STATE BAR ASSOCIATION

In re

**GREGORY SCOTT HOOVER,**

Lawyer (WSBA No.28049)

Proceeding No. 20#00051

ORDER APPROVING STIPULATION TO 30 DAY SUSPENSION

This matter came before the Disciplinary Board for approval of a stipulation to 30 Day Suspension. On review of the January 20, 2021, Stipulation to 30 Day Suspension,

IT IS ORDERED that the Stipulation is approved.[1]

Dated this 12th day of February, 2021.

_____
Jeffrey R. Gates, WSBA #45422
Disciplinary Board Chair

---

[1] The vote on this matter was 13-0. Those voting were: Gates, Rene, Hurl, Kroon, Doyle, Marsh, Kraski, Hermes, Pratter, Koch, Singleton, Wolfe, and Devenport. Valdez did not participate.

Order Approving Stipulation
Page 1 of 1

WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA  98101-2539
(206) 727-8207

## CERTIFICATE OF SERVICE

By order of Washington Supreme Court Order No. 25700-B-609, I certify that I caused a copy of the <u>Order Approving Stipulation to 30 Day Suspension</u> to be emailed to the Office of Disciplinary Counsel and to Respondent's Counsel Ralph E. Cromwell, at rcromwell@byrneskeller.com, on the 12th day of February, 2021.

_____
Clerk to the Disciplinary Board

FILED
Feb 12, 2021
Disciplinary Board
Docket # 015

DISCIPLINARY BOARD
WASHINGTON STATE BAR ASSOCIATION

In re

**GREGORY SCOTT HOOVER,**

Lawyer (Bar No. 28049).

Proceeding No. 20#00051

ODC File No. 19-00715

STIPULATION TO 30 DAY SUSPENSION

Under Rule 9.1 of the Washington Supreme Court's Rules for Enforcement of Lawyer Conduct (ELC), the following Stipulation to 30 Day Suspension is entered into by the Office of Disciplinary Counsel (ODC) of the Washington State Bar Association (Association) through disciplinary counsel Henry Cruz, Respondent's Counsel Ralph E. Cromwell, and Respondent lawyer Gregory Scott Hoover.

Respondent understands that they are entitled under the ELC to a hearing, to present exhibits and witnesses on their behalf, and to have a hearing officer determine the facts, misconduct and sanction in this case. Respondent further understands that they are entitled under the ELC to appeal the outcome of a hearing to the Disciplinary Board, and, in certain cases, the Supreme Court. Respondent further understands that a hearing and appeal could result in an outcome more favorable or less favorable to them. Respondent chooses to resolve this proceeding

Stipulation to 30 Day Suspension
Page 1

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

now by entering into the following stipulation to facts, misconduct and sanction to avoid the risk, time and expense attendant to further proceedings.

## I. ADMISSION TO PRACTICE

1. Respondent was admitted to practice law in the State of Washington on June 30, 1998.

## II. STIPULATED FACTS

2. On November 28, 2017, Wei Neng Chen was arrested during a drug seizure operation in Grays Harbor County, Washington.

3. On November 30, 2017, Wei Neng Chen was charged in Grays Harbor County Superior Court Case Number 17-1-00609-14 with one count of illegally manufacturing marijuana.

4. Wei Neng Chen's primary language is Taishanese and secondary language is Cantonese.

5. On December 1, 2017, Wei Neng Chen appeared at a hearing in the case.

6. At the December 1, 2017 hearing, Wei Neng Chen told the court, through a Mandarin interpreter, that he spoke only "a little" Mandarin and that his primary language was Taishanese. The interpreter then told the court, "the Toishanese dialect is not certified or registered in the State of Washington." A Cantonese interpreter was also present at that hearing. The Cantonese interpreter understood Taishanese but did not speak it fluently. While assisting in the interpretation during the hearing, the Cantonese interpreter told the court that Wei Neng Chen said "he d[id]n't understand what was going on," that the Cantonese interpreter "tried to explain it to" Wei Neng Chen, but that Wei Neng Chen "ke[pt] indicating that he didn't understand what's going on."

7. Wei Neng Chen has testified that his limited ability to speak Mandarin was not sufficient for him to hold a conversation or understand legal terms.

Stipulation to 30 Day Suspension
Page 2

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

8. After December 1, 2017, the court never utilized a Mandarin interpreter in the case.

9. At a hearing on December 4, 2017, the court utilized a Taishanese interpreter, Xiao Hui Chen, from Portland, Oregon, to communicate with Wei Neng Chen.

10. On or about December 11, 2017, Wei Neng Chen met Respondent. They communicated through Minjing Ma, a fellow inmate of Wei Neng Chen and a current client of Respondent at the time who speaks Taishanese.

11. After that meeting, most of Respondent's communications with Wei Neng Chen were through a Mandarin interpreter who was either Respondent's spouse and paralegal, Fawn Hoover, or through another attorney, Cissy Wang, in his office who also speak Mandarin.

12. On or about December 11, 2017, Wei Neng Chen hired Respondent for the criminal matter.

13. At some point thereafter, Wei Neng Chen also hired Respondent for a related civil forfeiture matter.

14. On December 13, 2017, Respondent entered his notice of appearance in Wei Neng Chen's criminal matter.

15. On December 20, 2017, the prosecutor sent Respondent an initial offer of 30 days jail time and six months of community custody in exchange for Wei Neng Chen's guilty plea to the single count.

16. Shortly after receiving the 30-day offer, Respondent, through a Mandarin interpreter, advised Wei Neng Chen not to accept or reject the offer at that time. Respondent did not communicate to Wei Neng Chen the risks of not accepting the 30-day offer.

17. At the time of the discussions referenced in paragraph 16, Respondent had received 406 pages of what eventually would be over 20,000 pages of discovery produced by the Grays

Stipulation to 30 Day Suspension
Page 3

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

Harbor prosecution. Of the 406 pages, only four pages reference Wei Neng Chen.

18. In mid-May of 2018, Respondent received an offer from the County to settle the civil forfeiture matter.

19. On May 22, 2018, Respondent emailed the prosecutor in Wei Neng Chen's criminal matter to ask whether the State was willing to improve its 30-day offer if Wei Neng Chen accepted the offer in the civil forfeiture matter.

20. On May 24, 2018, the prosecutor informed Respondent that the State would not improve the 30-day offer at that time and that it was considering charging Wei Neng Chen with multiple counts and with possible school zone enhancements, all of which carried the possibility of longer sentences.

21. Respondent failed to adequately explain to Wei Neng Chen the possibility of additional charges and longer sentences if the 30-day offer was not accepted.

22. On June 15, 2018, the prosecutor withdrew the 30-day offer.

23. Respondent failed to adequately advise Wei Neng Chen to accept the 30-day offer between the time it was made and the time it was withdrawn.

24. On June 15, 2018, the prosecutor sent Respondent an offer of one year in jail in exchange for Wei Neng Chen's guilty plea to the single count.

25. The prosecutor told Respondent that if the one-year offer were not accepted, the State would file amended charges of five counts of manufacturing marijuana, with three school zone enhancements, all of which carried a possible maximum sentence of 11 years in prison.

26. Thereafter, on multiple occasions, Respondent advised Wei Neng Chen to accept the one-year offer. On all but one of these occasions, Respondent used a Mandarin interpreter to communicate with Wei Neng Chen.

Stipulation to 30 Day Suspension
Page 4

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

27. Wei Neng Chen rejected the one-year offer.

28. On August 6, 2018, the State filed an amended information, charging Wei Neng Chen with five counts of manufacturing marijuana, three of which carried school zone enhancements.

29. Wei Neng Chen's trial began on August 14, 2018.

30. Respondent arranged for a Cantonese interpreter at Wei Neng Chen's trial.

31. On August 15, 2018, during the second day of trial, Respondent told the court that he had just learned that Wei Neng Chen had said to others that he understood "maybe up to 70 percent" of what the Cantonese interpreter was saying to him at trial. Respondent also told the court at that time that Wei Neng Chen "speaks Taishanese."

32. On that same day during trial, Respondent also told the court that Respondent knew of only one Taishanese interpreter in Washington and Oregon, and that a Cantonese interpreter was "the best that we can deal with."

33. On August 16, 2018, the jury found Wei Neng Chen guilty of all counts.

34. Prior to the sentencing hearing, Wei Neng Chen terminated Respondent's representation and hired lawyer Brent Hart.

35. Hart secured either a Taishanese or Cantonese interpreter for all meetings with Wei Neng Chen and a Taishanese interpreter for all remaining hearings in the criminal matter.

36. The Taishanese interpreter used by Hart was Xiao Hui Chen, who is the same Taishanese interpreter used by the court at the December 4, 2017 hearing.

37. On September 21, 2018, Hart filed a motion for new trial alleging ineffective assistance of counsel by Respondent.

38. At a hearing on the motion for new trial on December 20, 2018, Respondent testified

Stipulation to 30 Day Suspension
Page 5

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

that, prior to the State's withdrawal of the 30-day settlement offer, his advice to Wei Neng Chen about not accepting the settlement offer did not change.

39. On May 17, 2019, the court granted Wei Neng Chen's motion for new trial and set aside the convictions. Respondent was not a party to this proceeding and was not entitled to question or call witnesses.

40. In granting the motion for new trial, the court made the following findings:

   a) Respondent "never advised [Wei Neng Chen] to accept the 30-day offer."

   b) Respondent "never advised [Wei Neng Chen] as to the benefits of the State's 30-day offer."

   c) Respondent "never advised [Wei Neng Chen] as to … the risks of rejecting [the 30-day] offer."

   d) Respondent "did not hire a [Taishanese] or Cantonese interpreter" in advising Wei Neng Chen on multiple occasions to accept the one-year offer; instead, Respondent "utilized Mandarin speakers employed by his office as interpreters ([Respondent]'s wife, Fawn Hoover and [Respondent's] associate Cissy Wang)."

   e) Wei Neng Chen's "ability to speak Mandarin was not sufficient for him to understand the case against him or to communicate offers made by the State."

   f) Respondent "should have utilized a [Taishanese] or at the very least a Cantonese interpreter" when communicating with Wei Neng Chen about the criminal matter.

   g) Respondent's representation of Wei Neng Chen was "deficient and fell below the objective standard of care."

   h) There was a "reasonable probability that [Wei Neng Chen] would have accepted the 30-day offer had he received effective representation."

Stipulation to 30 Day Suspension
Page 6

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

   i) Respondent's ineffective assistance prejudiced Wei Neng Chen.

41. The court granted Wei Neng Chen 90 days to accept the 30-day offer.

42. Wei Neng Chen timely accepted the 30-day offer.

43. Wei Neng Chen was convicted of one count, the other counts being dismissed, and sentenced to 30 days confinement with credit for time served.

### III. STIPULATION TO MISCONDUCT

44. By failing to arrange for a Taishanese interpreter in Wei Neng Chen's court proceedings, Respondent violated RPC 1.3.

45. By failing to communicate the risks of not accepting the 30-day plea offer to Wei Neng Chen and by failing to communicate with Wei Neng Chen in a language the client fully understood, Respondent violated RPC 1.4.

### IV. PRIOR DISCIPLINE

46. Respondent has no prior disciplinary record.

### V. APPLICATION OF ABA STANDARDS

47. The following American Bar Association <u>Standards for Imposing Lawyer Sanctions</u> (1991 ed. & Feb. 1992 Supp.) apply to this case:

**4.4** *Lack of Diligence*
 4.41 Disbarment is generally appropriate when:
 (a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or
 (b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or
 (c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.
 **4.42 Suspension is generally appropriate when:**
 **(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or**
 **(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.**

Stipulation to 30 Day Suspension
Page 7

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

4.43   Reprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.

4.44   Admonition is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes little or no actual or potential injury to a client.

48. Respondent's conduct was knowing.

49. Wei Neng Chen suffered actual injury by being deprived of information necessary to make an informed choice about the 30-day plea offer and by being subject to a trial conducted in a language that Chen did not fully understand.

50. The presumptive sanction is suspension.

51. The following aggravating factors apply under ABA Standard 9.22:

   (d) multiple offenses;

   (i) substantial experience in the practice of law [admitted in 1998].

52. The following mitigating factors apply under ABA Standard 9.32:

   (a) absence of a prior disciplinary record;

   (b) absence of a dishonest or selfish motive;

   (g) character or reputation.

53. It is an additional mitigating factor that Respondent has agreed to resolve this matter at an early stage of the proceedings.

54. On balance, the aggravating and mitigating factors do not require a departure from the presumptive sanction but justify a short suspension.

## VI. STIPULATED DISCIPLINE

55. The parties stipulate that Respondent shall receive a 30-day suspension.

## VII. RESTITUTION

56. Respondent shall pay restitution by refunding $15,000 to Wei Neng Chen, which

Stipulation to 30 Day Suspension
Page 8

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

represents the full fees Wei Neng Chen paid to Respondent. Reinstatement from suspension is conditioned on payment of restitution under ELC 13.7.

## VIII. COSTS AND EXPENSES

57. In light of Respondent's willingness to resolve this matter by stipulation at an early stage of the proceedings, Respondent shall pay attorney fees and administrative costs of $750 in accordance with ELC 13.9(i). The Association will seek a money judgment under ELC 13.9(l) if these costs are not paid within 30 days of approval of this stipulation. Reinstatement from suspension is conditioned on payment of costs under ELC 13.9.

## IX. OTHER CONDITIONS OF REINSTATEMENT

**Continuing Legal Education**

58. Prior to reinstatement, Respondent shall complete a minimum of 12 credit hours of continuing legal education courses, at Respondent's own expense, in the area of client communication and criminal law and procedure.

59. Prior to reinstatement, Respondent shall provide evidence of attendance at such courses to disciplinary counsel. Proof of attendance shall include the program brochure, evidence of payment, and a written statement that includes the date and time of attendance.

**Ethics Consultation**

60. Prior to reinstatement, Respondent agrees to an ethics consultation with a legal ethics expert agreed upon by disciplinary counsel and Respondent's counsel regarding the conduct giving rise to this grievance, including the use of interpreters with clients.

61. Prior to reinstatement, Respondent shall provide proof to disciplinary counsel of the meeting in the form of a written statement that includes the date, time, and a brief summary of the consultation.

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

62. Respondent agrees to pay all costs in connection with the ethics consultation.

## X. VOLUNTARY AGREEMENT

63. Respondent states that, prior to entering into this Stipulation, Respondent has consulted independent legal counsel regarding this Stipulation, that Respondent is entering into this Stipulation voluntarily, and that no promises or threats have been made by ODC, the Association, nor by any representative thereof, to induce Respondent to enter into this Stipulation except as provided herein.

64. Once fully executed, this stipulation is a contract governed by the legal principles applicable to contracts, and may not be unilaterally revoked or modified by either party.

## XI. LIMITATIONS

65. This Stipulation is a compromise agreement intended to resolve this matter in accordance with the purposes of lawyer discipline while avoiding further proceedings and the expenditure of additional resources by the Respondent and ODC. Both the Respondent lawyer and ODC acknowledge that the result after further proceedings in this matter might differ from the result agreed to herein.

66. This Stipulation is not binding upon ODC or the respondent as a statement of all existing facts relating to the professional conduct of the respondent lawyer, and any additional existing facts may be proven in any subsequent disciplinary proceedings.

67. This Stipulation results from the consideration of various factors by both parties, including the benefits to both by promptly resolving this matter without the time and expense of hearings, Disciplinary Board appeals, and Supreme Court appeals or petitions for review. As such, approval of this Stipulation will not constitute precedent in determining the appropriate sanction to be imposed in other cases; but, if approved, this Stipulation will be admissible in

Stipulation to 30 Day Suspension
Page 10

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

subsequent disciplinary proceedings against Respondent to the same extent as any other approved Stipulation.

68. Under ELC 9.1(d)(4), the Disciplinary Board reviews a stipulation based solely on the record agreed to by the parties. Under ELC 3.1(b), all documents that form the record before the Board for its review become public information on approval of the Stipulation by the Board, unless disclosure is restricted by order or rule of law.

69. If this Stipulation is approved by the Disciplinary Board and Supreme Court, it will be followed by the disciplinary action agreed to in this Stipulation. All notices required in the Rules for Enforcement of Lawyer Conduct will be made. Respondent represents that, in addition to Washington, Respondent also is admitted to practice law in the following jurisdictions, whether current status is active, inactive, or suspended: Oregon and New York.

70. If this Stipulation is not approved by the Disciplinary Board and Supreme Court, this Stipulation will have no force or effect, and neither it nor the fact of its execution will be admissible as evidence in the pending disciplinary proceeding, in any subsequent disciplinary proceeding, or in any civil or criminal action.

Stipulation to 30 Day Suspension
Page 11

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

1 | WHEREFORE the undersigned being fully advised, adopt and agree to this Stipulation to
2 | 30 Day Suspension as set forth above.

*[signature]*            Dated: 01/20/2021

Gregory Scott Hoover, Bar No. 28049
Respondent

*[signature]* Ralph E. Cromwell Jr     Dated: 20 Jan 2021

Ralph E. Cromwell, Bar No. 11784
Counsel for Respondent

*[signature]*            Dated: 01/20/2021

Henry Cruz, Bar No. 38799
Disciplinary Counsel

Stipulation to 30 Day Suspension
Page 12

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207